# EXHIBIT "C"

| | | |
|---|---|---|
| Approved _____ Mayor | | Agenda Item No. |
| Veto _____ | | |
| Override _____ | | |

RESOLUTION NO. _____

RESOLUTION AUTHORIZING THE COUNTY MAYOR OR THE COUNTY MAYOR'S DESIGNEE TO EXECUTE INSTRUMENTS THAT (1) GRANT A TWO-YEAR EXTENSION TO OBTAIN THE FINAL CERTIFICATES OF OCCUPANCY FOR EACH HOME TO BE CONSTRUCTED ON 23 PROPERTIES PREVIOUSLY CONVEYED TO NEIGHBORS AND NEIGHBORS ASSOCIATION, INC., A FLORIDA NOT-FOR-PROFIT ORGANIZATION, AND CRC AFFORDABLE HOUSING, LLC, A FLORIDA LIMITED LIABILITY COMPANY (NANA/CRC), AND TO BE SOLD TO QUALIFIED HOUSEHOLDS THROUGH THE INFILL HOUSING INITIATIVE PROGRAM, AS AMENDED; AND (2) GRANT A TWO-YEAR EXTENSION TO OBTAIN THE FINAL CERTIFICATE OF OCCUPANCY FOR DWELLING UNITS TO BE RENTED TO QUALIFIED HOUSEHOLDS ON SEVEN PROPERTIES PREVIOUSLY CONVEYED TO NANA/CRC PROPERTIES; AUTHORIZING THE CHAIRPERSON OR VICE-CHAIRPERSON OF THE BOARD OF COUNTY COMMISSIONERS TO EXECUTE AN AMENDED AND RESTATED COUNTY DEED RELATED TO ONE PROPERTY PREVIOUSLY CONVEYED TO NANA/CRA TO REMOVE CERTAIN COMMUNITY DEVELOPMENT BLOCK GRANT PROGRAM REQUIREMENTS RELATED TO SUCH PROPERTY; AND AUTHORIZING THE COUNTY MAYOR OR COUNTY MAYOR'S DESIGNEE TO TAKE ALL ACTIONS NECESSARY TO EXERCISE ANY AND ALL RIGHTS SET FORTH IN THE AMENDED AND RESTATED COUNTY DEED

**WHEREAS**, on March 20, 2001, this Board adopted Ordinance No. 01-47, as amended, that created the County's Infill Housing Initiative Program ("Infill Housing Program"); and

**WHEREAS**, the purpose of the Infill Housing Program is "to increase the availability of affordable homes for very low-, low- and moderate-income persons ("qualified households"), maintain a stock of affordable housing, redevelop urban neighborhoods by eliminating the blight of vacant lots and dilapidated or abandoned properties, to equitably distribute homeownership

Agenda Item No.
Page No. 2

opportunities within, and in some cases outside of the Infill Target Areas, and generate payment of ad valorem taxes"; and

**WHEREAS**, the Infill Housing Program also encourages "the redevelopment of vacant, dilapidated or abandoned property through the sale or conveyance of County property to qualified developers and the inclusion of privately owned vacant, dilapidated or abandoned properties located within and outside of the Infill Target Areas"; and

**WHEREAS**, the Infill Housing Program requires each developer to construct homes within two years from the recording of the deed as evidenced by the issuance of final certificates of occupancy unless such timeframe is extended by the County upon a finding by this Board that such extension is necessary; and

**WHEREAS**, property conveyances by the County to developers made pursuant to the Infill Housing Program, which reference compliance with the Infill Housing Program in the deed of conveyance, includes compliance with, but is not limited to, Chapter 17, Article VII of the Code of Miami-Dade County, Florida, the Infill Housing Program Guidelines, and Implementing Order 3-44; and

**WHEREAS**, on July 20, 2021, this Board adopted Ordinance No. 21-80, which established the maximum sales prices for the County's affordable housing programs, including the Infill Housing Program, and established a methodology for determining the maximum sales price; and

**WHEREAS**, Ordinance No. 21-80 authorizes the maximum sales price set forth therein to be applied to properties conveyed or projects funded prior to the effective date of this ordinance upon the adoption by this Board of a resolution, which is sponsored by the commissioner of the district in which the properties are located, and which authorizes the application of the maximum sales price; and

Agenda Item No.
Page No. 3

**WHEREAS**, this Board adopted Resolutions Nos. R-958-16 and R-556-17 which authorized the conveyance of 23 County-owned properties to Neighbors and Neighbors Association, Inc. and CRC Affordable Housing, LLC (collectively "NANA/CRC") for the purpose of constructing single-family homes to be sold to qualified households through the Infill Housing Program; and

**WHEREAS**, on November 1, 2016, this Board adopted Resolution No. R-958-16, which authorized the conveyance of seven additional properties (Folio Nos. 01-3113-060-0270, 01-3112-012-0450, 01-3112-013-0170, 01-3112-013-0510, 01-3113-051-0020, 30-3121-000-0400, and 30-3115-018-0640) to NANA/CRC, which is required to develop these properties with rental units; and

**WHEREAS**, NANA/CRC is required to develop all of the properties within two years from the recording of the deeds, which compliance with such deed restrictions shall be evidenced by NANA/CRC obtaining certificates of occupancy for the homes constructed on the properties; and

**WHEREAS**, this Board adopted Resolutions Nos. R-1170-22 and R-432-23, which among other things, provided NANA/CRC, due to construction delays, with a one-year extension to complete the construction of the homes on the 23 properties conveyed pursuant to Resolutions Nos. R-958-16 and R-556-17; and

**WHEREAS**, on February 9, 2024, the District 3 Commissioner's Office received a letter from NANA/CRC, a copy of which is attached hereto as Attachment "A" and incorporated herein by reference, seeking a two-year extension to complete construction of 30 of the properties that were previously conveyed by the County to NANA/CRC; and

Agenda Item No.
Page No. 4

**WHEREAS**, NANA/CRC has represented to the District 3 Commissioner's Office that it is requesting an extension because it faced delays in acquiring additional funding for the project, but that this Board had recently awarded NANA/CRC $3,700,000.00 in Documentary Stamp Surtax funds via Resolution No. R-32-24 to develop these properties; and

**WHEREAS**, in its review of NANA/CRC's request, the Public Housing and Community Development Department discovered that one of the NANA/CRC properties (Folio No. 30-3115-005-2920) had been inadvertently subjected to requirements that pertain to the Community Development Block Grant program (CDBG) administered by the U.S. Department of Housing and Urban Development (HUD); and

**WHEREAS**, accordingly, it is necessary to amend the County Deed to remove the CDBG requirement; and

**WHEREAS**, this Board finds that NANA/CRC has demonstrated to this Board's satisfaction that it will complete the construction of the homes and rental project, particularly in light of the recent funding awarded by this Board; and

**WHEREAS**, this Board wishes to (1) grant NANA/CRC a two-year extension to obtain its final certificates of occupancy for each of the single-family homes to be constructed on the 23 properties and that are to be sold to qualified households through the Infill Housing Program in accordance with Resolution Nos. R-958-16 and R-556-17; (2) grant NANA/CRC a two-year extension to obtain its final certificates of occupancy for the affordable rental housing project to be constructed on the seven properties that were conveyed in accordance with Resolution No. R-958-16; and (3) remove the CDBG requirements that were inadvertently applied to one of the properties,

Agenda Item No.
Page No. 5

**NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF COUNTY COMMISSIONERS OF MIAMI-DADE COUNTY, FLORIDA,** that:

<u>Section 1</u>.    This Board adopts the foregoing recitals as if fully set forth herein.

<u>Section 2</u>.    This Board authorizes the County Mayor or County Mayor's designee to execute instruments that: (1) grant a two-year extension to obtain the final certificates of occupancy for each home to be constructed on 23 properties previously conveyed to Neighbors and Neighbors Association, Inc., a Florida not-for-profit organization, and CRC Affordable Housing, LLC, a Florida limited liability company (collectively referred to as "NANA/CRC"), and to be sold to qualified households through the Infill Housing Initiative Program, as amended; and (2) grant a two-year extension to obtain the final certificate of occupancy for dwelling units to be rented to qualified households on seven properties previously conveyed to NANA/CRC properties.  The grant of such extensions shall be in the manner set forth in the deeds conveying the properties to NANA/CRC.

<u>Section 3</u>.    Pursuant to section 125.411, Florida Statutes, this Board authorizes the Chairperson or Vice-Chairperson of the Board to execute an Amended and Restated County Deed ("amended deed") pertaining to one property (Folio No. 30-3115-005-2920) previously conveyed to NANA/CRC, in generally the form attached hereto as Attachment "B" and incorporated herein by reference, for the purpose of removing the Community Development Block Grant requirements that were tied to such property.

<u>Section 4</u>.    This Board directs the County Mayor or County Mayor's designee to finalize the amended deed and instruments as set forth in section 2 of this resolution, which such deed shall be finalized and approved by the County Attorney's Office prior to its execution by the Chairperson or Vice-Chairperson of this Board.  This Board further authorizes the County Mayor

or County Mayor's designee to take all actions necessary to effectuate the purposes set forth herein, and to exercise all rights set forth in the amended deed and such other instruments conveying the properties identified in sections 2 and 3 of this resolution to NANA/CRC, other than those reserved to this Board therein, including, but not limited to, exercising the County's option to enforce its reversionary interest after conducting all due diligence, including title searches and environmental reviews.  In the event the County Mayor or County Mayor's designee should exercise the County's reversionary interest, then the County Mayor or County Mayor's designee shall execute and record an instrument approved by the County Attorney's Office in the Public Records of Miami-Dade County and provide a copy of such instrument to the County Property Appraiser.  This Board further authorizes the County Mayor or County Mayor's designee to receive on behalf of the County from NANA/CRC, after conducting all due diligence, including, but not limited to, title searches, environmental reviews, and review of the Infill Housing Program Guidelines, a deed(s) which conveys the properties back to the County in the event NANA/CRC is unable or fails to comply with the deed restrictions set forth in the amended deed.  Upon the receipt of a deed(s) from NANA/CRC, the County Mayor or County Mayor's designee shall record such deed(s) in the Public Records of Miami-Dade County.  Notwithstanding the foregoing, any extensions other than the extensions granted by this resolution shall be subject to this Board's approval.

**Section 5.** This Board directs the County Mayor or County Mayor's designee, pursuant to Resolution No. R-974-09, to record in the public record the amended deed and instruments, and to provide a copy of such recorded instruments to the Clerk of the Board within 30 days of execution and final acceptance. This Board directs the Clerk of the Board, pursuant to Resolution No. R-974-09, to attach and permanently store a recorded copy of any instruments provided in accordance herewith together with this resolution.

Agenda Item No.
Page No. 7

The Prime Sponsor of the foregoing resolution is Commissioner Keon Hardemon. It was offered by Commissioner _____, who moved its adoption. The motion was seconded by Commissioner _____ and upon being put to a vote, the vote was as follows:

Oliver G. Gilbert, III, Chairman
Anthony Rodríguez, Vice Chairman

| | |
|---|---|
| Marleine Bastien | Juan Carlos Bermudez |
| Kevin Marino Cabrera | Sen. René García |
| Roberto J. Gonzalez | Keon Hardemon |
| Danielle Cohen Higgins | Eileen Higgins |
| Kionne L. McGhee | Raquel A. Regalado |
| Micky Steinberg | |

Agenda Item No.
Page No. 8

The Chairperson thereupon declared this resolution duly passed and adopted this day of          , 2024.  This resolution shall become effective upon the earlier of (1) 10 days after the date of its adoption unless vetoed by the County Mayor, and if vetoed, shall become effective only upon an override by this Board, or (2) approval by the County Mayor of this resolution and the filing of this approval with the Clerk of the Board.

MIAMI-DADE COUNTY, FLORIDA
BY ITS BOARD OF
COUNTY COMMISSIONERS

JUAN FERNANDEZ-BARQUIN, CLERK


By:_____
    Deputy Clerk


Approved by County Attorney as
to form and legal sufficiency.          _____

Terrence A. Smith
Melissa M. Gallo